UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JORGE ALBERTO ZEPEDA (A No. 240 174 344),

Petitioner,

v.

TONYA ANDREWS, et al.,

Respondents.

No.  1:26-cv-1517 TLN CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE) in McFarland, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  For reasons which follow, the court recommends the petition for writ of habeas corpus be denied.

I. Facts

Petitioner is a native and citizen of Belize.  ECF No. 10-1 at 1.  Petitioner was admitted to the United States on June 24, 2004, after presenting a visitor visa which expired July 23, 2004.  Id. at 3.  On July 10, 2025, petitioner was arrested by ICE officers as he arrived at the Fresno County Courthouse for criminal proceedings.  Id. at 2-3.  He was charged with being deportable

/////

1

under 8 U.S.C. § 1227(a)(1)(B), id., and ordered to appear at a removal proceedings hearing.  Id. at 3.

On August 25, 2025, petitioner was provided a custody redetermination hearing pursuant to 8 C.F.R. § 1236.  Petitioner was denied release upon a finding that he had not met his burden of showing he is not dangerous.   ECF No. 10-2.

Petitioner was provided a second custody redetermination hearing on December 10, 2025.  Petitioner was again denied release because he did not show material change in the circumstances supporting denial of bond at the first hearing.   ECF No. 10-4.

Petitioner remains in ICE detention at the Golden State Annex ICE Detention Facility in McFarland.  ECF No. 1 at 2.  Petitioner was ordered removed on April 10, 2026.  ECF No. 17-1 at 13-16.  Petitioner has until May 11, 2026, to appeal that decision.  Id. at 16.

II.  Standard for Habeas Relief.

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III.  Analysis

Petitioner is detained pursuant to 8 U.S.C. § 1226(a) which entitles petitioner a bond hearing to determine if it is appropriate that he be released from custody while removal proceedings remain pending as they are here.  As indicated above, petitioner has received two such hearings.  Petitioner claims those hearings were flawed because the burden should have been on the Department

of Homeland Security (DHS) to show by clear and convincing evidence that he is either dangerous or a flight risk rather than on him to show he is not dangerous or a flight risk.

Petitioner did not appeal the decision rendered at either hearing.  In Leonardo v. Crawford, 646 F.3d. 1157 (9th Cir. 20110) the Ninth Circuit found that a habeas petitioner's failure to appeal the denial of release from detention authorized under 8 U.S.C. § 1226(a) to the Board of Immigration Appeals amounted to a failure to exhaust administrative remedies requiring dismissal of the habeas petition without prejudice.  The facts presented here are not distinguishable from those in Leonardo.

Further, petitioner's argument as to the proper burden of proof was specifically rejected by the Ninth Circuit in Rodriguez Diaz v. Garland, 53 F.4th 1189, 1210-11 (9th Cir. 2022).  Ultimately, the court found that after 14 months in detention the requirements of the Fifth Amendment were still satisfied by placing the burden of establishing entitlement to release from detention authorized under 8 U.S.C. § 1226(a) on the person seeking release.  The facts of this case are not distinguishable from the facts in Rodriguez Diaz.

In his reply brief, petitioner seems to suggest he was entitled to a bond hearing before being detained.  ECF No. 17 at 5-6.  However, claims are not properly raised for the first time in a reply brief.  Cacoperdo v. Demosthenes, 37 F.3d. 504, 507 (9th Cir. 1994).  In any case, petitioner fails to point to any law in support of this argument and it is his burden to establish a basis for issuance of a writ of habeas corpus.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's application for a writ of habeas corpus (ECF No. 1) be DISMISSED without prejudice; and

2.  This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within 14 days after service of the objections.  The parties are advised that failure

to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 1, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
zepe1517.den