UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JORGE ALBERTO Z.,[1]

Petitioner,

v.

TONYA ANDREWS, et al.,

Respondents.

No. 1:26-cv-01517-TLN-CKD

A # 240-174-344

**ORDER**

Petitioner, an immigration detainee proceeding through counsel, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 1, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 18.) Petitioner filed objections to the findings and recommendations. (ECF No. 19.) Subsequently, Petitioner filed a

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

notice of supplemental authority and a status report informing the Court that the criminal case against him has been dismissed.[2] (ECF Nos. 23, 24.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. The Court adopts in full the magistrate judge's findings of fact. (ECF No. 18 at 1–2.) However, the Court declines to adopt the magistrate judge's conclusions of law.

Specifically, the Court does not agree that prudential exhaustion is required in this case and agrees with Petitioner that the decisions of immigration judges ("IJs") denying him bond amounted to a deprivation of his right to due process. The Court addresses each issue in turn.

## I. STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## II. ANALYSIS

Petitioner argues that he has been deprived of the right to due process, and that the immigration court hearings he was provided were constitutionally infirm. (*See generally* ECF Nos. 1, 19.) Respondents contend that Petitioner's claims are barred by prudential exhaustion

---

[2] Counsel also informs the Court that the Board of Immigration Appeals dismissed Petitioner's appeal of his removal order, but the Ninth Circuit has issued a stay. (ECF No. 24 at 2 (citing *Zepeda v.Blanche*, No. 26-6004 (9th Cir. stay of removal issued Sep. 15, 2026).)

because he has not yet exhausted his administrative remedies, and that Petitioner has received constitutionally adequate process. (ECF No. 10.)

A. <u>Prudential Exhaustion</u>

Respondents argue the Court should require prudential exhaustion before permitting Petitioner to raise the instant claims. (*Id.* at 3–4.) Courts may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*United States v. California Care Corp.*, 709 F.2d 1241, 1248 (9th Cir. 1983).

An administrative appellate record is not necessary to reach a proper decision on Petitioner's claim that his detention does not comport with due process, as the Court is in possession of all evidence necessary to resolve this claim, including a transcript of the first bond hearing and the extensive, written ruling denying a second bond request. (ECF Nos. 10-2, 10-4, 17-1.) Second, any risk of deliberate bypass of administrative procedures is reduced by the fact that district courts will only have jurisdiction in the "rare case[s]" where future petitioners allege a "colorable" constitutional or legal challenge to the government's procedures. *Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (citing *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1271 (9th Cir. 1991)). Finally, it is unlikely that the agency would correct its own mistake. *See, e.g.*, *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1079 (W.D. Wash. 2026) ("Where the issue is whether procedural due process was violated, the Court finds no reason to delay review in favor of allowing the BIA to possibly correct an error.") Additionally, because Petitioner is currently detained, irreparable injury would result from requiring exhaustion. *Scott v. Wamsley*, No. 2:25-CV-1819, 2025 WL 3514304, at *4 (W.D. Wash. Dec. 8, 2025), *reconsideration denied,* No. 2:25-CV-1819, 2026 WL 83971 (W.D. Wash. Jan. 12, 2026) ("Courts in this Circuit have regularly waived exhaustion requirements for noncitizens who face 'irreparable injury' from being detained . . . ." (quoting *Marroquin Ambriz v. Barr*, 420 F. Supp. 3d 953, 962 (N.D. Cal. 2019))).

Thus, the Court declines to require prudential exhaustion in this case.

B. Due Process Challenge to Immigration Court Bond Hearings

Petitioner argues that the bond determinations in immigration court did not comply with due process. (ECF Nos. 1, 17, 19.) Specifically, he argues that the IJs' findings were unsupported by the record and improperly relied on unproven allegations without an inquiry into the truth of those allegations. (ECF No. 19 at 6–7.) Respondents contend that Petitioner's detention is constitutional because it complies with 8 U.S.C. §1226(a), and that Petitioner's detention has not become unconstitutionally prolonged. (ECF No. 10 at 4–5.)

Although Congress has stripped federal courts of jurisdiction to review "discretionary bond determination[s]," they do "have . . . jurisdiction under 28 U.S.C. § 2241 to consider any error of law in [immigration] proceedings, including any claimed due process violation." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022). "[C]laims that the discretionary process was constitutionally flawed . . . are cognizable in federal court on habeas because they fit comfortably within the scope of § 2241." *Gutierrez-Chavez v. I.N.S.*, 298 F.3d 824, 829 (9th Cir. 2002), *opinion amended on denial of reh'g,* 337 F.3d 1023 (9th Cir. 2003).

As constitutional challenges to IJ detention determinations present mixed questions of fact and law, the appropriate standard of review is "abuse of discretion." *Martinez v. Clark*, 124 F.4th 775, 783–84 (9th Cir. 2024). However, "due process claims and questions of law raised in immigration proceedings" are reviewed de novo. *See Singh v. Holder*, 638 F.3d 1196, 1202–03 (9th Cir. 2011). Under an abuse of discretion standard, the court does not reweigh evidence but instead considers whether the IJ "applied the correct legal standard." *Id.* (quoting *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)). In other words, "[i]n reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence. Instead, its review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" *Quan v. Barr*, No. 20-CV-08118-LB, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021) (quoting *Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020)).

///

### *i. Factual Background for Immigration Court Proceedings*

The Court incorporates in full the magistrate judge's findings of fact and sets forth additional relevant facts below. (ECF No. 18 at 1–3.)

On August 25, 2025, Petitioner appeared in the Adelanto Immigration Court for a bond hearing. (ECF No. 17-1.)[3] The Department of Homeland Security ("DHS") relied primarily upon Petitioner's then-pending charge for misdemeanor domestic battery[4] in arguing that he was a danger. (*Id.* at 6–7.) This charge stemmed from an allegation that, during a custody exchange of his children, Petitioner grabbed his ex-wife's arm. (ECF No. 1 at 104.) Petitioner has had no other criminal history since his entry into the United States in 2004. (ECF No. 17 at 2.) He has consistently maintained his innocence. (ECF No. 1 at 91.) The state court granted Petitioner bond during the criminal case and he complied with all terms and conditions imposed on him. (*Id.* at 18, 98.)

Petitioner was represented by counsel who argued that the charge lacked a credible basis because the allegation was made by his ex-wife shortly after he had accused her new boyfriend of abusing Petitioner's daughter. (*Id.* at 5.) Counsel further argued that Petitioner had cooperated with the criminal process and was in plea negotiations with the District Attorney, who had offered Petitioner a plea of no contest. (*Id.* at 5–6.)

The IJ denied bond solely on the basis of danger and did not reach the question of flight risk. (*Id.* at 9.) She emphasized that "this is not just a case where an arrest was made and then no charges were filed, but rather, charges have been filed," and, with respect to the plea offer, said that "[t]his is also not a case where . . . the DA is offering to dismiss the charges entirely, but rather, there's a plea agreement on the table to some type of offense that involves some admission

---

[3] Petitioner requests that the Court take judicial notice of a transcript of this hearing pursuant to Federal Rule of Evidence 201(b) because it is a "court document[] issued by the Immigration Court." (ECF No. 17-1 at 2.) The transcript, however, appears to be simply a text document without any identifying marks or indicia of its origin. (*Id.* at 3–10.) Nevertheless, the Court considers the transcript because Respondents have not objected to it, and the Court accepts counsel's declaration authenticating it. (*Id.* at 2.)

[4] A separate charge for criminal threats was dismissed and not discussed by the IJ. (ECF No. 10-3 at 9–10.)

or some level of culpability, for lack of a better word." (*Id.* at 8.)

Petitioner later filed a motion for a second bond hearing after his plea agreement became final. (ECF No. 10-3 at 3–5.) Under the terms of the plea agreement, Petitioner agreed to a Deferred Action Order ("DAO") to misdemeanor domestic battery wherein he changed his plea from not guilty to no contest, with the prosecutor agreeing to dismiss the case upon completion of twelve hours of an anger management program. (*Id.*) The immigration court again denied bond, reasoning that there were no material changed circumstances:

> The Court's bond denial on 08/25/2025 rested squarely on the fact that there were pending criminal charges against [Petitioner], and that even if a plea deal was reached, it would likely still involve some level of admission of guilt or culpability. And indeed, the outcome of the criminal court proceeding has NOT resulted in, for example, dismissal of all charges, but, rather, a finding of criminal liability against [Petitioner]. The Court recognizes that the plea to battery on a spouse or protected person which was ultimately entered was one of no contest/nolo contendere. On the other hand, [Petitioner] has been ordered by the criminal court to complete an anger management program and to comply with a protective order which has apparently been imposed by that court to protect someone else from [Petitioner] himself. . . . The criminal court also found a factual basis for the plea. . . . The Court also notes that [Petitioner] has not yet complied with the terms and conditions of the plea (and on this point, the Court certainly acknowledges that [Petitioner] remains detained in Department custody).

(ECF No. 10-4 at 1–2.) After he provided proof of completion of the anger management program, the charges against Petitioner were formally dismissed on April 8, 2026. (ECF No. 24-1.)

The Court considers whether the bond hearing and denial of a second bond hearing[5] violated Petitioner's right to due process.

*ii. Whether the Charged Conduct was Sufficient to Establish Danger*

Under abuse of discretion review, "the Court must decide whether the IJ 'relied upon proof that – as a matter of law – could not establish'" danger. *Kharis v. Sessions*, No. 18-CV-04800-JST, 2018 WL 5809432, at *5 (N.D. Cal. Nov. 6, 2018) (quoting *Nguti v. Sessions*, No.

---

[5] Because the denial of a second bond hearing was premised on the IJ's finding that there were no material changed circumstances from the first hearing, and thus essentially rested upon the findings in that first hearing, the Court analyzes them together.

16-CV-6703, 2017 WL 5891328, at *3 (W.D.N.Y. Nov. 29, 2017)).

Here, the only evidence before the IJ regarding danger stemmed from the domestic battery charge. While the Court finds this to be a close question, it concludes that even with the burden on Petitioner, this single charge, which was based on an anonymous report, and resulted in a DAO plea, was insufficient as a matter of law for the IJ to find danger, particularly where Petitioner contested the truth of the allegations. *See, e.g.*, *Fuentes Reyes v. Wolf*, No. 2:19-CV-02086-GMN-EJY, 2020 WL 2308075, at *12 (D. Nev. May 8, 2020) (noting that "misdemeanor battery is not a very serious crime"); *Singh v. Holder*, 638 F.3d 1196, 1206 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that in bond determinations the IJ must consider the "severity of the offenses" in evaluating a non-citizen's criminal record); *In Re Arreguin De Rodriguez*, 21 I. & N. Dec. 38, 42 (BIA 1995) (noting that the Board was "hesitant to give substantial weight to an arrest report" where "the applicant conceded that the arrest took place but admitted to no wrongdoing").

"Numerous BIA decisions reviewing bond decisions emphasize the importance of an IJ considering the 'probativeness' of alleged criminal activity and independent corroborating evidence, particularly where criminal charges are dismissed." *Fuentes Reyes v. Wolf*, No. 2:19-CV-02086-GMN-EJY, 2020 WL 2308075, at *7 (D. Nev. May 8, 2020). A pending criminal charge is sufficient to sustain a finding of dangerousness only "if the evidence supporting the charge is probative and specific." *Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1005 (N.D. Cal. 2018).

Here, the IJ relied upon a log of a 911 call and a police report as evidence of the factual basis for the offense. (ECF No. 17-1 at 8.) However, the IJ failed to mention, either on the record or in her written ruling, the fact that the caller was anonymous, or that Petitioner had recently reported suspected child abuse by his ex-wife's new boyfriend. (*Id.* at 5; ECF No. 10-2.) These facts, which Petitioner's counsel specifically discussed, were directly relevant to determining whether the charge was reliable evidence of danger. While the Court is not permitted to re-weigh the evidence before the IJ, "where there is any indication that the [immigration court] did not consider all of the evidence before it, a catchall phrase [stating that it

has considered all the evidence] does not suffice, and the decision cannot stand. Such indications include misstating the record and failing to mention highly probative or potentially dispositive evidence." *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011) (citing *Almaghzar v. Gonzales,* 457 F.3d 915, 922 (9th Cir.2006)).

Additionally, the IJ's statement that Petitioner's plea agreement involved "some admission" of culpability misstated the record. (ECF No. 17-1 at 8.) Under California law, a plea of nolo contendere to a misdemeanor charge, while resulting in conviction, "may not be used against the defendant as an admission in any civil suit." Cal. Penal Code § 1016. "[I]mmigration proceedings are 'civil proceeding[s], in which many of the protections afforded in the criminal context do not apply.'" *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 n.7 (9th Cir. 2022) (quoting *El Rescate Legal Servs., Inc. v. Exec. Off. of Immigr. Rev.*, 959 F.2d 742, 751 (9th Cir. 1991)). Thus, Petitioner's nolo contendere plea was not an admission of guilt in this context.

While the IJ was permitted to rely "upon any information that [wa]s available to [her] or that [wa]s presented to . . . her by the [noncitizen] or the [government]" (8 C.F.R. § 1003.19(d)), the Court can consider this misstatement in evaluating whether there was sufficient evidence as a matter of law. The Court cannot substitute its judgment for that of the IJ, nor reweigh the evidence, but under these facts, finds that the evidence before the IJ was not sufficient as a matter of law to sustain the finding of danger.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations (ECF No. 18) are adopted as to the findings of fact and declined as to the conclusions of law.

2. The Petition for Writ of Habeas Corpus is GRANTED. (ECF No. 1.)

3. Petitioner's Request for Preliminary Injunction is DENIED as moot. (ECF No. 1.)

4. Petitioner's Motion for Order Preventing Transfer Outside of this District is DENIED as moot. (ECF No. 25.)

5. Respondents are ENJOINED from continuing to detain Petitioner for more than **seven (7) days** from the date of this Order (unless Petitioner seeks additional time to prepare)

without a bond hearing before a neutral factfinder at which the government bears the burden to establish by clear and convincing evidence that Petitioner's ongoing detention is justified due to danger to the public or flight risk. The factfinder must consider Petitioner's financial circumstances for bond and alternative conditions of release. At any such hearing, Petitioner shall be allowed to have counsel present. If the government fails to meet its burden, Respondents must immediately release Petitioner. Respondents may impose any restrictions or conditions determined to be necessary by the factfinder at the hearing.

6. Within **two (2) court days** from the date of the bond hearing, Respondents must file a **notice of compliance** with this provision of the Court's Order confirming that the hearing occurred, the date of the hearing, the outcome of the hearing, and Petitioner's custody status.

7. If Petitioner is released, Respondents are further ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226, absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. At any such hearing, Petitioner shall be allowed to have counsel present.

8. The parties are advised that any further challenges related to Petitioner's current detention should be filed in this case, using the aforementioned case number (Case No. 1:26-cv-01517-TLN-CKD).

9. **The Clerk of Court is directed to serve Golden State Annex Detention Center with a copy of this Order.**

10. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: September 30, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE